**In re Multidistrict Civil Actions Involving the AIR CRASH DISASTER NEAR DAYTON, OHIO on March 9, 1967.**

**No. 38.**

Judicial Panel on Multidistrict Litigation.

March 23, 1970.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON,* WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This multidistrict litigation presently encompasses thirteen actions pending in three federal district courts.[1] They all result from a mid-air collision between a small private plane and a Trans World Airlines jetliner. All twenty-six persons aboard the two planes were killed.

On February 9, 1970 an order was directed to the parties to show cause why the actions listed on Schedule A should not be transferred to a single district for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. Some of the parties declined to respond to the *show cause order* or to appear at the February 27, 1970 hearing in New York City but of those appearing, several plaintiffs and the Tann Company[2] opposed transfer under § 1407 while Trans World Airlines and the United States supported transfer.

None of the parties deny the existence of common questions of fact nor do any dispute the necessity for some type of coordinated or consolidated pretrial proceedings. Those opposing transfer under § 1407 assert that informal coordination of pretrial proceedings has been very satisfactory and has led to substantial discovery and resulted in many settlements. Those favoring transfer concede that cooperation between all counsel has generally been good and that pretrial proceedings have progressed rather smoothly but they urge that transfer for coordinated or consolidated pretrial proceedings under § 1407 would further promote the just and efficient conduct of these actions and would serve the parties and their witnesses by providing a *single forum* for the supervision and control of pretrial proceedings. Since discovery as to liability will not be completed in the immediate future we agree that transfer is appropriate at this time.

All agree that if there is to be a transfer, the Southern District of Ohio should be designated as the transferee court. We have consistently held that the district containing the situs of the crash is generally the most appropriate transferee district for litigation of this type. In re Fairland, Indiana Air Disaster Litigation, (JPML February 10, 1970) and the cases cited therein. In addition to the fact that the crash occurred in the Southern District of Ohio the vast majority of the pending actions were filed in or have been transferred to that district under 28 U.S.C. § 1404(a).

---

* Although Judge Robson did not attend the hearing he has with the consent of all parties participated in this decision.

1. We were advised at the hearing that there are eleven related actions pending in state courts in Illinois.

2. The owner of the small aircraft involved in the collision.

All of these actions have been assigned to a single judge—Chief Judge Carl A. Weinman. The transfer of the remaining actions to the Southern District of Ohio and their assignment to Chief Judge Weinman for coordinated or consolidated pretrial proceedings will insure that discovery which has already taken place will not be duplicated and that future pretrial proceedings will be conducted expeditiously and efficiently.

It is therefore ordered that the actions listed on Schedule A pending in other districts are hereby transferred to the Southern District of Ohio, Dayton Division, and with the written consent of that court which has been filed with the Clerk of the Panel, they are hereby assigned to the Honorable Carl A. Weinman for coordinated or consolidated pretrial proceedings with the related actions now pending in that court.

## SCHEDULE A

### Southern District of Ohio

| | |
|---|---|
| Vera F. Downey, etc. v. Trans World Airlines, Inc., et al. | Civil Action No. 3521 |
| Pittsburgh National Bank, etc. v. Trans World Airlines, Inc., et al. | Civil Action No. 3563 |
| Virginia Bauer, etc. v. United States of America | Civil Action No. 3640 |
| Dennis Charles Markley, etc. v. United States of America | Civil Action No. 3641 |
| Ethel A. Strobel, etc. v. United States of America | Civil Action No. 3639 |
| Sue A. Clough, etc. v. Tann Company | Civil Action No. 3656 |
| Joan G. Schaefer, etc. v. United States of America | Civil Action No. 3670 |
| Eliner M. Palmer, etc. v. Trans World Airlines, Inc., et al. | Civil Action No. 3777 |
| Julia E. Wilds, etc. v. United States of America | Civil Action No. 3782 |

### Eastern District of Michigan

| | |
|---|---|
| Dorothy Burgstahler, etc. v. Trans World Airlines, Inc. | Civil Action No. 32039 |
| Eliner M. Palmer, etc. v. Herman Tann d/b/a Tann Company, et al. | Civil Action No. 30816 |
| Tann Company v. United States of America | Civil Action No. 32842 |

### Southern District of New York

| | |
|---|---|
| George H. Humphries, etc. v. United States of America | Civil Action No. 69 Civ 3023 |