In re **MASTER KEY** Antitrust Litigation.
No. 45.

Judicial Panel on Multidistrict Litigation.
Jan. 14, 1971.

---

ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL,* Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This is the second time this matter has been before the Panel for possible transfer for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. The first time there were only three relevant actions pending in two different districts and all parties opposed transfer under § 1407. Accordingly an order was entered on June 8, 1970 declining to transfer any of these actions, but the order was without prejudice to the right of any party to move for transfer at a later time. Since that time six new actions have been filed and there are now a total of nine related actions pending in four different districts. On October 6, 1970 defendants Emhart Corporation, Sargent and Company, and ILCO Corporation moved for transfer of all related actions to the District of Connecticut for coordinated or consolidated pretrial proceedings.[1]

Since all parties *now* agree that transfer under § 1407 is necessary there is no need for an extended discussion of the pending cases other than to point out that they involve both common questions of fact and, to some extent, overlapping or conflicting class action claims.[2] All parties agree, and we so find, that there are common questions of fact among these related civil actions and that the convenience of parties and their witnesses and the just and efficient conduct of this entire litigation would be served by a transfer to a single district for coordinated or consolidated pretrial proceedings.

The dispute between the parties, as is so often the case in multidistrict litigation, is not whether the actions should

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A.

---

* Judge Stanley A. Weigel was unable to attend the hearing in this matter but with the consent of all parties participated in this decision.

1. On December 4, 1970, the fourth defendant, Eaton, Yale and Towne, Inc., joined in this motion.

2. The background for these private antitrust actions was provided by four government civil actions filed in the District of Connecticut, one against each defendant and each charging separate vertical conspiracy between the defendant and its distributors. No horizontal con-

be transferred but rather to which district they should be transferred. However the parties take a rather parochial view of the "convenience factor." The defendants favor the District of Connecticut, the New York plaintiffs[3] favor the Southern District of New York, the Philadelphia plaintiffs[4] favor the Eastern District of Pennsylvania, and the Chicago plaintiffs[5] originally favored the Northern District of Illinois. The exceptions are the Florida plaintiffs[6] who support consolidation and favor transfer to the Eastern District of Pennsylvania.

■■ We think the District of Connecticut stands out as the most appropriate transferee forum. At the time the motion was filed there were no private civil actions pending in Connecticut,[7] but since that time all three of the actions originally commenced in the Northern District of Illinois have been transferred to the District of Connecticut for all purposes pursuant to 28 U.S.C. § 1404 (a). Where transfer under § 1407 is preceded by transfer of some cases under 1404(a), the district selected by the transferor judge or judges and the reasons given therefor are entitled to great weight in selecting the most appropriate district for transfer of the remaining actions under § 1407. *Cf.* In re Frost Patent Litigation, 316 F.Supp. 977 (JPML 1970); Hanover, New Hampshire Air Disaster Litigation, 314 F.Supp. 62 (JPML 1970); Dayton, Ohio Air Disaster Litigation, 310 F.Supp. 798 (JPML 1970); In re Westec Corp.,

307 F.Supp. 559 (JPML 1969); In re Koratron Patent and Antitrust Litigation, 302 F.Supp. 239 (JPML 1969); Hendersonville North Carolina Air Disaster Litigation, 297 F.Supp. 1039 (JPML 1969); Ardmore, Oklahoma Air Disaster Litigation, 295 F.Supp. 45 (JPML 1968).

A second reason for selecting the District of Connecticut is the fact that all four defendant corporations are located either in Connecticut or in an adjoining state, and most of the witnesses and relevant documents are located *in or near* Hartford, Connecticut. In addition the fact that the four government actions were commenced in the District of Connecticut is a factor which favors the transfer of these private actions to that district, although this factor is less significant because little discovery has occurred in connection with the government's suits. *Cf.* In re Motor Vehicle Air Pollution Litigation, 311 F.Supp. 1349 (JPML 1970).

■ While it is unquestionably true that other districts would be more convenient for individual plaintiffs, we "must weigh the interests of all of the plaintiffs and all of the defendants and must consider multiple litigation as a whole in light of the purpose of the law." In re Childrens Books Litigation, 297 F.Supp. 385 (JPML 1968). With this in mind we are certain that the convenience of parties and their witnesses and the just and efficient conduct of this entire litigation would be served

---

spiracy among the four manufacturers was asserted in any of the government's suits. Three of these actions were terminated by entry of a consent decree before any significant discovery had taken place. The fourth action, against Eaton, Yale and Towne Inc., is still pending in the District of Connecticut. The nine private antitrust actions contain somewhat broader allegations of a horizontal conspiracy among the four defendants as well as a conspiracy between each defendant and its distributors.

3. The City of New York, the New York City Housing Authority, The Board of Higher Education of the City of New

York, the Board of Education of the City of New York and the State of New York.

4. The City of Philadelphia and the Amherst Leasing Corp.

5. The State of Connecticut, the State of Indiana and the Commonwealth of Pennsylvania.

6. The State of Florida and the Bermar Construction Corp., the Hospital Development and the Miami International Merchandise Mart, Inc.

7. Of course the presence of a related action in the transferee district is not a statutory prerequisite to transfer under Section 1407.

by transfer of this litigation to the District of Connecticut.

■ The parties favoring transfer to the Eastern District of Pennsylvania fear that transfer to another district will substantially impede the progress of this litigation. They point out that a comprehensive discovery schedule has been established in the Eastern District of Pennsylvania and that two national class actions have been approved. We commend the early establishment both of class actions and discovery schedules and we would be loath to take any action which would delay the processing of complex and multidistrict litigation but we see no reason why the transfer of these cases to the District of Connecticut should result in any delay in the proceedings. As to the existing discovery schedule, the parties will, of course, be expected to comply with all orders entered prior to transfer and requests for delays or extensions should not be granted as a matter of course. Counsel for some plaintiffs anticipate that immediately upon transfer counsel for defendants will move to stay all discovery until after the initial pretrial conference is held by the transferee court. We think the better course would be to follow the discovery schedule established in the Eastern District of Pennsylvania until modified by the transferee judge *after* the initial pretrial conference. Indeed the Manual for Complex and Multidistrict Litigation provides:

Except in rare cases for good cause appearing, there should, however, be no stay of discovery which is not accompanied by positive plan for the expeditious accomplishment of dis-

covery or disposition of the litigation without discovery. Part I, § 1.1

Similarly, with regard to the national class actions established by Judge Wood,[8] the transferee court can review and if necessary modify the orders at any time. Rule 23 F.R.C.P.

It is therefore ordered that all actions listed on Schedule A pending in other districts are hereby transferred to the United States District Court for the District of Connecticut for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. With the consent of said court,[9] all actions listed on Schedule A as well as all related actions hereinafter filed in or transferred to the District of Connecticut are hereby assigned to the Honorable M. Joseph Blumenfeld for coordinated or consolidated pretrial proceedings.

### SCHEDULE A
#### District of Connecticut

| | |
|---|---|
| State of Connecticut v. Eaton Yale & Towne, Inc., et al. | Civil Action No. 14147 * |
| State of Indiana v. Eaton Yale & Towne, Inc., et al. | Civil Action No. 14148 * |
| Commonwealth of Pennsylvania, etc. v. Eaton Yale & Towne, Inc., et al. | Civil Action No. 14191 ** |

#### Southern District of Florida

| | |
|---|---|
| State of Florida v. Emhart Corp., et al. | Civil Action No. 70–1411–Civ. |
| Bermar Construction Corp., et al. v. Emhart Corp., et al. | Civil Action No. 70–1410–Civ. |

#### Eastern District of Pennsylvania

| | |
|---|---|
| City of Philadelphia v. Emhart Corp., et al. | Civil Action No. 70–352 |
| Amherst Leasing Corp. v. Emhart Corp., et al. | Civil Action No. 70–494 |

#### Southern District of New York

| | |
|---|---|
| The City of New York, et al. v. Emhart Corp., et al. | Civil Action No. 70–2417 |
| State of New York v. Emhart Corp., et al. | Civil Action No. 70–4164 |

* Transferred from N.D. Illinois—11/10/70
** Transferred from N.D. Illinois—12/8/70

8. City of Philadelphia v. Emhart Corporation, 50 F.R.D. 232 (E.D.Pa.1970).

9. The written consent of the Chief Judge of the District of Connecticut to the

assignment of the cases to Judge M. Joseph Blumenfeld has been duly filed with the Clerk of the Panel.