In re **REFRIGERANT GAS ANTI-TRUST LITIGATION.**

**Docket No. 76.**

Judicial Panel on Multidistrict Litigation.

Nov. 18, 1971.

---

1. Commonwealth v. Bartkowski, 217 Pa.Super. 813, 270 A.2d 268 (1970).

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman [*], and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### PER CURIAM.

In civil and criminal antitrust actions filed in the Northern District of Ohio, the United States alleges a conspiracy among the six manufacturers of refrigerant gases, wholesalers of the gases and the wholesalers' trade association to monopolize and to restrain trade and commerce in refrigerant gases for replacement purposes.[1] The criminal indictment names only the trade association, Airconditioning and Refrigeration Wholesalers (ARW), and several of its officers as defendants. The civil action, seeking equitable relief, names the six manufacturers [2] and ARW as defendants. Both of these actions have been assigned to the Honorable William K. Thomas for all purposes.

Three related treble damage actions have been filed, two in the Southern District of Florida and one in the Eastern District of Pennsylvania. The complaints in these actions are based largely on the allegations made by the United States in its two actions and each of the private plaintiffs seeks to represent a class of purchasers of refrigerant gases allegedly injured by the defendants' conduct. Plaintiff Kanze in the Eastern District of Pennsylvania wishes to represent a class composed of all air conditioning and refrigeration dealers, contractors, service men and industrial concerns. In the Southern District of Florida plaintiff Certified Air Conditioning, Inc. seeks to represent a class composed of all purchasers of refrigerant gas for their own use or resale for replacement purposes while plaintiff Dade County brings its action on behalf of all governmental purchasers of the gases for their own use in the United States.

Three of the six common defendants have filed with the Panel a motion requesting the transfer of these actions under 28 U.S.C. § 1407 to the Northern District of Ohio for coordinated or consolidated pretrial proceedings. All parties, with the exception of plaintiff Kanze in the Eastern District of Pennsylvania, agree on the need for transfer of these cases to a single pretrial forum but disagree concerning the most appropriate transferee district. The papers filed with the Panel and the arguments presented at the hearing have convinced us that these cases must be transferred to the Northern District of Ohio for coordinated or consolidated pretrial proceedings.

The allegations of these three treble damage actions raise virtually identical issues of fact, making transfer necessary to avoid duplication in discovery and inconsistent pretrial rulings. And the conflicting claims to class representation asserted by the plaintiffs are additional reasons for our decision. In re Master Key Antitrust Litigation, 320 F.Supp. 1404 (Jud.Pan.Mult.Lit.1971); In re Motor Vehicle Air Pollution Control Equipment, 311 F.Supp. 1349 (Jud. Pan.Mult.Lit.1970); In re Plumbing Fixtures Antitrust Litigation; 298 F.Supp. 484 (Jud.Pan.Mult.Lit.1968). In view of the extensive common issues of fact and the overlapping class allegations, we must reject plaintiff Kanze's argument that the problem be left for resolution through the informal coordination of counsel. The Panel's prior experience with multidistrict antitrust litigation in-

---

[*] Although Judge Murrah was not present at the hearing he has, with the consent of all parties, participated in this decision.

1. Refrigerant gases are allegedly sold both for use in original air conditioning and refrigeration equipment and for replacement purposes in such equipment. The United States alleges, in essence, that while the gases could be purchased in bulk from the manufacturers for original equipment use, purchases for replacement use could be made only through wholesalers.

2. The six manufacturers are Allied Chemical Corp., E. I. duPont de Nemours & Co., Kaiser Aluminum & Chemical Corp. (and Kaiser Aluminum & Chemical Sales, Inc.), Pennwalt Corp., Racon, Inc., and Union Carbide Corp.

dicates that firm judicial control must generally be exercised if a "just, speedy and inexpensive determination" is to be made as required by the Federal Rules of Civil Procedure. See, e. g., In re CBS Licensing Antitrust Litigation, 328 F. Supp. 511 (Jud.Pan.Mult.Lit. Jan. 20, 1971); Manual for Complex and Multidistrict Litigation, § 1.1.

The remaining question is the selection of a transferee district. The three moving defendants propose the Northern District of Ohio, the situs of the United States' actions, suggesting that the grand jury documents are lodged there and that Cleveland is a central point for all parties to the litigation.[3] The remaining parties are united in their opposition to the Northern District of Ohio. That district is opposed because little discovery has occurred there; the civil action brought by the United States was stayed immediately after filing and discovery is only beginning in the criminal action. It is also suggested that possible problems of self-incrimination concerning the criminal defendant, ARW, may arise in these actions which would make it inappropriate to assign them to the same judge who is assigned the criminal action.

Several alternate transferee districts are suggested by the parties. Two of the defendants[4] and plaintiff Kanze suggest the Eastern District of Pennsylvania. The Florida plaintiffs have indicated they are agreeable to the transfer of their cases to another district and list the Eastern District of Pennsylvania as their first choice. And, finally, one defendant suggests that the size and scope of the national classes alleged and the location of the defendants require transfer to a midwestern forum such as the District of Kansas.

We think that the Northern District of Ohio is the most appropriate transferee district for these cases. The grand jury which returned the original indictment sat there and its documents are still located there, under the protective order of that court. No discovery on the merits has occurred in any other district, although some discovery has occurred in Philadelphia concerning the class action issue. And it is clear that a great deal of coordination will be necessary between the discovery efforts of the plaintiffs here and proceedings in the United States' actions. Although there would be many advantages in assigning the cases to the judge to whom the government proceedings are assigned, we think it the wiser course to assign them to a different judge. Judge Frank J. Battisti has consented to receive these cases under Section 1407 and IT IS THEREFORE ORDERED that the defendants' motion be granted and that the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Northern District of Ohio and with the consent of that court are assigned to the Honorable Frank J. Battisti for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

SCHEDULE A

Eastern District of Pennsylvania

| | |
|---|---|
| Marvin E. Kanze, Inc. v. Airconditioning & Refrigerating Wholesalers, et al. | Civil Action No. 71–129 |

Southern District of Florida

| | |
|---|---|
| Certified Air Conditioning, Inc. v. Allied Chemical Corporation, et al. | Civil Action No. 71–724 |
| Dade County v. Allied Chemical Corporation, et al. | Civil Action No. 71–933 |

3. The named plaintiffs are in the Eastern District of Pennsylvania and the Southern District of Florida. Two of the manufacturers apparently maintain principal offices in New York, one in Wilmington, one in Philadelphia, one in California and one in Kansas. The trade association, ARW, apparently has its principal place of business in Michigan.

4. Pennwalt Corp. and Union Carbide Corp.