In re **HOTEL TELEPHONE CHARGE ANTITRUST LITIGATION.**

**No. 89.**

Judicial Panel on Multidistrict Litigation.
March 30, 1972.

As Modified April 21, 1972.

---

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The complaints in ten actions filed in ten different districts allege a nationwide conspiracy of hotels and motels to increase their room rates, in violation of federal anti-trust law and state common law. It is generally alleged that the increased rates were achieved by the addition of service charges, generally denominated as covering incoming telephone messages or internal communications. The plaintiffs, many of whom are attorneys, seek recovery for themselves and on behalf of all hotel guests similarly charged. Since the filing of the first action in the Central District of California, settlements on behalf of the class have been reached with several defendants and settlement orders setting out terms of the agreements and providing for their submission to the class have been entered in the Northern District of Illinois.[1]

On the basis of the briefs and arguments we conclude that, except as to defendants with whom settlement has been reached, all actions must be transferred to the Central District of California for coordinated or consolidated pretrial proceedings. The ten complaints are virtually identical, containing parallel allegations concerning the alleged conspiratorial conduct of the defendants in imposing the telephone charges on their guests. And in each action the plaintiffs will seek to develop a common factual background concerning the formation and terms of any conspiracy, the possible fraudulent concealment of the conspiracy and the methods developed for assessing the charges. In addition, the complaints describe virtually identical classes of hotel guests. Although plaintiffs are apparently cooperating with one another in asserting these claims, we cannot leave the complexities of the overlapping class allegations to the voluntary coordination of the parties. We have frequently held that the possibility of duplicative discovery resulting from common fact questions and the threat of inconsistent judicial decisions of discovery, class and other issues requires transfer of multidistrict litigation to a single judge under Section 1407. In re Refrigerant Gas Antitrust Litigation, 334 F.Supp. 996 (J.P.M.L. 1971); In re Master Key Antitrust Litigation, 320 F.Supp. 1404 (J.P.M.L. 1971). We do so here.

Several defendants[2] strongly oppose transfer and protest that plaintiffs have merely filed the same complaint, with vague and questionable allegations of a national conspiracy, in different dis-

---

* Although Judges Murrah, Weinfeld, and Robson were unable to attend the hearing, they have, with the consent of counsel, participated in this decision.

1. The defendants with whom settlement has been reached are Hilton Hotels Corp., Loew's Corp., Bismarck Hotel Co. and ITT Sheraton Corporation of America.

2. The strongest opposition comes from Radisson Denver Corp. and King's Castle Hotel.

tricts in order to avoid the venue requirement of the antitrust laws. Similar arguments were advanced in opposition to transfer in the Kauffman Mutual Fund Litigation, 337 F.Supp. 1337 (J.P. M.L.1972) and were rejected by the Panel. Venue is not a criterion in deciding the propriety of transfer under Section 1407. Nor is the alleged lack of merit of the complaints a ground for denial of transfer.

Several additional arguments are advanced by defendants who object to transfer. Some of the pending motions in the transferor courts concern venue and jurisdiction and others are requests for summary judgment by defendants who allegedly made no telephone charges. Defendants stress that decision of these motions will involve individual factual situations and urge that there is little advantage to be gained in assigning them all to a single judge. It is true that some motions will require consideration of individual facts, but their assignment to a single judge will preclude any inconsistency in their decision. In any event, we are confident that the majority of post-transfer proceedings will benefit from assignment to a single judge. Some smaller defendants argue that transfer will be burdensomely expensive, but we must look to the interests of all parties to the litigation and we find that the benefits of transfer outweigh any inconvenience to these parties. In re Children's Books Antitrust Litigation, 297 F.Supp. 385 (J.P.M.L.1968).

The most suitable transferee district in this litigation is the Central District of California where the first action was filed. Although there is complete disagreement as to whether a majority of involved hotels are located in California,[3] it does appear that a substantial number are there and that California would be the most convenient of all proposed transferee districts. It also appears that some of the initial facts pertinent to plaintiffs' allegations of conspiratorial action occurred in California.[4]

We do not believe, however, that it would advance the just and efficient conduct of the litigation or serve the convenience of the parties or witnesses to transfer the causes of action against those defendants with whom settlement has been reached. Settlement orders have already been entered in the Northern District of Illinois setting out a complex scheme for notice of the settlement to the class, payments from the fund to claiming class members, use of any remaining amounts for the benefit of the class and setting of attorney fees for plaintiffs' counsel. Effectuation of these settlements under Rule 23, Fed.R. Civ.P., will require continuing judicial supervision and we believe it best to leave that supervision in the hands of the transferor court that entered the initial settlement orders.

It is therefore ordered that the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, are assigned to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings;

It is further ordered that the plaintiffs' claims against defendants Hilton Hotels Corp., ITT Sheraton Corp. of America, Loews Corp., Bismarck Hotel Co. be, and are, severed from the remainder of the actions and remanded to the Northern District of Illinois.

3. Several larger defendants, owners of national chains of hotels, assert that the majority of hotels and motels operated by named defendants are not in California and that, in any event, the majority of owner-operators are not located there. Plaintiffs and some other defendants take issue with these contentions.

4. The plaintiffs contend that the practice of including fictitious telephone charges began in California and that some of the defendants, as members of the Hotel and Motel Telephone Committee, applied to the California Public Utility Commission in 1964 for allowance of these charges.

## SCHEDULE A

### Eastern District of Louisiana

William Colson v. Fairmont Hotel Co., Inc., et al.　　Civil Action No. 71–1883 Sec. B

### District of Colorado

William Colson v. Radisson Denver Corp., et al.　　Civil Action No. C–3237

### Northern District of Texas

William Hicks v. Hilton Hotels Corp., et al.　　Civil Action No. CA–3–4924–C

### Northern District of Georgia

William Colson v. Hilton Hotels Corp., et al.　　Civil Action No. 15347

### Southern District of Florida

William Colson v. Hilton Hotels Corp., et al.　　Civil Action No. 71–1079–Civ–JE

### Northern District of Illinois

William Colson v. Hilton Hotels Corp., et al.　　Civil Action No. 71–C–1590

### Southern District of New York

William Colson v. Hilton Hotels Corp., et al.　　Civil Action No. 71 Civ. 2864

William Colson v. The Hotel Waldorf-Astoria Corp.　　Civil Action No. 71 Civ. 2943

### Central District of California

Herbert Hafif, et al. v. Hilton Hotels Corp., et al.　　Civil Action No. 71–977–MML

### District of Nevada

Herbert Hafif, et al. v. Hilton Hotels Corp., et al.　　Civil Action No. R–2582

———◆———

## CORRECTION ORDER

On March 30, 1972, an Opinion and Order was filed in this litigation transferring all actions to the Central District of California but remanding to the Northern District of Illinois the action filed in that district (Civil Action No. 71–C–1590) against defendants Hilton Hotels Corp., ITT Sheraton Corp. of America, Loews Corp., and Bismarck Hotel Co. because of settlements reached with those defendants in that district.

By letter of April 10, 1972, the plaintiffs and the aforementioned settling de-

fendants have advised the Panel that the settlements reached in that action in the Northern District of Illinois also cover claims against certain of their subsidiaries, affiliates, franchisees and related entities which were not remanded to the Northern District of Illinois. The plaintiffs and settling defendants requested the Panel to modify its Opinion and Order to provide for the remand of plaintiffs claims against these additional defendants to the Northern District of Illinois.

It appearing that the proposed modification is proper and necessary to the effectuation of the Panel's opinion and Order of March 30, 1972,

It is ordered that the Opinion and Order of March 30, 1972, is modified to provide that the plaintiffs' claims in the action William Colson v. Hilton Hotels Corp. et al. (N.D.Ill., Civil Action No. 71–C–1590), against the following defendants are remanded to the Northern District of Illinois:

1. Hilton Hotels Corp. and the following subsidiaries and affiliates of Hilton Hotels Corp.: Hotel Waldorf-Astoria Corp., Hilton Products, Inc., Statler-Hilton Studios, Inc., Stetson Club, Inc. (formerly Statler Hilton Court Club, Inc.), Hilton of Quebec, Inc., Palmer House Company, 145 West Elizabeth Street Garage Corp., Hilton Inns, Inc. (formerly Statler Hilton, Inc.), Hilton Service Corp., International Club of Houston, Inc., Hilton-Burns Hotels Company, Inc., Hilton-Burns Kona Partnership, a general partnership, International Club of Atlanta, Inc., The Sky Riders Club of El Paso, Inc., The New Yorker Hotel Corp., Hilton-Uris, Inc., Mears Hotel Company, Hotel Equipment Corp., Rock-Hil-Uris, Inc., Hilton Tours, Inc., International Leisure Corp., Flamingo Resort, Inc., Las Vegas International Hotel, Inc., SPH Hotel Company, Hotels Statler Company, Inc., Stevens Hotel Corp., The Beverly Hilton Corp., 1921 Commerce Garage Corp., Main & Holcomb Corp., Statler Dallas-Corp., Compass Computer Services, Inc., Center Corporation, Hilton Beverage Corporation, Hilton Package Store of El Paso, Inc., The Hide-Away, Inc., Trader Vic's Club, Inc., Benco, Inc., Nevada International Hotel, Inc., Dewey Way Investment, Inc., Hawaiian Village, Inc., West Ridge Properties, Inc., 1335 Realty Corporation, 138 W. 54 Realty Corporation, and 145–175 West 53rd Street, Inc., Tracy Investment Company (now dissolved).

2. The owners and lessees of the following hotels and inns in the United States operated by Hilton Hotels Corporation or any of its subsidiaries and affiliates under management agreements: Hilton Inn, San Diego, California; Hilton Inn, Kansas City, Missouri; The Detroit Hilton, Detroit, Michigan; Hilton Hawaiian Village, Honolulu, Hawaii; Indianapolis Hilton, Indianapolis, Indiana; Kona Hilton, Kona, Hawaii; Macon Hilton, Macon, Georgia; Maui Hilton, Maui, Hawaii; The New York Hilton, New York, New York; Omaha Hilton, Omaha, Nebraska; St. Paul Hilton, St. Paul, Minnesota; The DeSoto Hilton, Savannah, Georgia; and The Washington Hilton, Washington, D. C.

3. The franchisees of the following hotels and inns licensed by Hilton Hotels Corporation or any of its subsidiaries and affiliates under franchise arrangements:

Seattle Hilton, Seattle, Washington

Hilton Inn of the Palm Beaches, Riviera Beach, Florida

Hilton Inn, Durham, North Carolina

Hilton Marina Inn, South Sioux City, Nebraska

4. Loews Corporation and its subsidiaries and affiliates, and the subsidiaries and affiliates of each of them, including, without limitation, Loew's San Francisco Hotel Corp., Americana of Bal Harbour, Inc., Loew's Summit, Inc., Warwick Operating Corp., Loew's Chicago Hotel Corp., 48th St. & 8th Ave. Corp., Hotel Americana of New York, Inc., Americana of Puerto Rico, Inc., 61st & Park Avenue, Corp., Squireco Building Corp., 56th & Park Ave. Corp., Loew's Hotels, Inc., Loew's Hotels Reservations, Inc., Loew's Hotels Reservations, Ltd., 51st St. & 8th

Ave. Corp., Loew's Theatre & Realty Corp., Loew's Theatres, Inc., and all owners and lessees of hotels and inns in the United States and Puerto Rico operated by Loews Corporation or any of its subsidiaries and affiliates whether under management agreements or otherwise.

5. Bismarck Hotel Co., which operates the Bismarck Hotel, Chicago, Illinois.

6. ITT Sheraton Corporation of America and its subsidiaries and affiliates and its parent, International Telephone and Telegraph Corporation (ITT), and its subsidiaries and affiliates, and the subsidiaries of each of the foregoing, including, without limitation, Pasadena Sheraton Corporation, Sheraton Russell, Inc., St. Regis Sheraton Corporation, Philadelphia Sheraton Corporation, Sheraton Dayton Corporation, Sheraton Houston Corporation, Sheraton Dallas Corporation, Hudson Sheraton Corporation, Hotel Park Sheraton, Inc., Sheraton Fort Worth Corporation, Hotel Sheraton Gibson, Inc., Sheraton Cadillac Properties, Inc., Chicago Sheraton Corporation, Sheraton Palace Corporation, Sheraton Jefferson Corporation, Sheraton Atlanta Corporation, Sheraton St. Charles Corporation, Sheraton Milwaukee Corporation, Portland Sheraton Corporation, Sheraton Blackstone Corporation, Sheraton Puerto Rico Corporation, Los Angeles Town House Corporation, Governor Claiborne Apartments, Inc., San Fernando Sheraton Corporation, Sheraton Columbus Corporation, Cleveland Sheraton Corporation, Sheraton Boston Corporation, Sheraton Plaza Company, Sheraton Maui Corporation, Sheraton Hawaii Corporation, Washington Sheraton Corporation, ITT South Florida Development Corporation, Airway Lodge of California, Inc., ITT Consumer Services Corporation, and all owners and lessees of hotels and inns in the United States and Puerto Rico operated by Sheraton or ITT or any of their subsidiaries and affiliates, whether under management agreements or otherwise.