### In re HOTEL TELEPHONE CHARGE ANTITRUST LITIGATION.

*Bill Colson v. Hilton Hotels Corp., et al.,*
E. D. Missouri, Civil Action
No. 73 C 430(1)

**No. 89.**

Judicial Panel on Mutidistrict Litigation.
April 19, 1974.

## OPINION AND ORDER

### PER CURIAM.

The Panel previously transferred all actions in this litigation to the Central District of California and, with the consent of that court, assigned them to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C § 1407. In re Hotel Telephone Charge Antitrust Litigation, 341 F.Supp. 771 (Jud.Pan.Mult. Lit.1972). Since the above-captioned action appeared to involve factual issues common to the previously transferred actions, the Panel issued an order conditionally transferring it to the Central District of California. Only defendant Chase Park Plaza Hotel opposes transfer. We find that this action raises questions of fact common to the actions previously transferred to the Central District of California and that its transfer to that district for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The complaint in this action contains allegations that several defendant hotels and motels engaged in a nationwide conspiracy to increase their room rates by the addition of telephone service charges in violation of the federal antitrust laws. Plaintiff purports to represent a class consisting of all defendants' customers who were wrongfully charged these additional costs.

Defendant Chase Park Plaza argues that discovery relating to its alleged wrongdoing will be different from discovery concerning the other defendants. In addition, defendant points out that similar claims against Chase Park Plaza which were previously asserted in an action pending in the transferee district have been dismissed by Judge Lucas because of improper venue. Therefore, defendant contends that to transfer this action now to California under Section 1407 would be unjust.

■■ These arguments are not persuasive. Discovery relating to all defendants, including Chase Park Plaza, will be similar in light of the allegations against them to conspire to violate the federal antitrust laws. Thus, transfer will prevent needless duplication of discovery. Another compelling reason for transfer is to eliminate the possibility of inconsistent class determinations. See In re Hotel Telephone Charge Antitrust Litigation, supra at 772. And we have repeatedly held that the Panel's discretion to transfer actions under Section 1407 is unencumbered by venue considerations. See, e. g., In re Kauffman Mutual Fund Actions, 337 F.Supp. 1337, 1339 (Jud.Pan.Mult.Lit.1972).

■ It is therefore ordered that the action entitled Bill Colson v. Hilton Hotels Corp., et al., E.D.Missouri, Civil Action No. 73 C 430(1) be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.

---

*Although Judge Lord was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.