John S. **BOYLE**, Chief Judge of the Circuit Court of Cook County; John J. Stamos, State's Attorney of Cook County; Joseph J. Woods, Sheriff of Cook County; Maurice W. Lee and John S. Limperis, Magistrates of the Circuit Court of Cook County, Illinois, Defendants-Appellants,

v.

Lawrence **LANDRY**, Rommell Muller, Joseph H. Reynolds, David A. Reynolds, et al., Plaintiffs-Appellees.

No. 17346.

United States Court of Appeals, Seventh Circuit.

Feb. 5, 1970.

Ronald Butler, Dean H. Bilton, Asst. State's Attys., Edward V. Hanrahan,

State's Atty. of Cook County, Ill., Chicago, Ill., for appellants, Daniel P. Coman, Chief, Civ. Div., Asst. State's Atty., of counsel.

Ellis E. Reid, Chicago, Ill., for appellees.

Before CASTLE, Chief Judge, KILEY, Circuit Judge, and GORDON, District Judge.[1]

KILEY, Circuit Judge.

Several individuals and ACT, an unincorporated association, filed this "class" civil rights action alleging defendants, pursuant to a concerted unlawful scheme, were using, *inter alia*, "unconstitutional" Illinois Mob Action,[2] Resisting or Obstructing a Peace Officer,[3] and Intimidation[4] statutes, and Chicago Disorderly Conduct and Resisting Arrest ordinances,[5] to deprive plaintiffs of constitutional rights. They sought declaratory relief as to the claims of unconstitutionality and injunctive relief to prevent prosecution of pending Circuit Court of Cook County cases brought under the statutes and ordinances. The district court enjoined the prosecutions, and defendants have appealed. We reverse.

A three-judge court was convened to pass upon the challenge to the Illinois statutes. That court declared unconstitutional sub-section (a) (2) of Chapter 25-1, describing and proscribing the penal offense of mob action, as violative of Fourteenth Amendment due process; and declared unconstitutional sub-section (a) (3) of Chapter 12-6, defining and proscribing the penal offense of intimidation, also as violative of Fourteenth Amendment due process. The remainder of the statutes was sustained as constitutional. The single-judge district court contemporaneously declared unconstitutional the Chicago ordinances.

Following the issuance of the three-judge and single-judge court declaratory

---

1. Judge Myron L. Gordon is sitting by designation from the district court for the Eastern District of Wisconsin.

2. Ill.Rev.Stat. Ch. 38, Sec. 25–1.

3. Ill.Rev.Stat. Ch. 38, Sec. 31–1.

4. Ill.Rev.Stat. Ch. 38, Sec. 12–6.

5. Ch. 193–1; 11–33.

judgments, the circuit court dismissed the criminal proceedings charged under the unconstitutional statutes against the several plaintiffs. The single-judge court restrained further prosecution under the unconstitutional ordinances. There remained the question of claimed invalidity of the application of the constitutional statutes, which the three-judge court remanded to the single-judge court. The dismissal of the proceedings under the Mob Action statute and the injunction against proceeding under the challenged ordinances removed the bases of broad claim of unlawful conspiratorial violation, actual or threatened, of the various civil rights statutes by use of the unconstitutional laws.

On remand plaintiffs Rommell Muller and Joseph and David Reynolds moved for a "probable cause hearing" to determine the propriety of the remaining charges, and to enjoin the proceedings against them. The district court, over the opposition of defendants—that the court should abstain and submit to the bar of 28 U.S.C.A. Sec. 2283 [6]—made an "ad hoc" determination that there was not sufficient evidence of probable cause for the arrest or prosecution of the three plaintiffs under constitutional sections of the Mob Action or Resisting Arrest statutes. The court thereupon issued an injunction restraining John J. Stamos, then State's Attorney [7] of Cook County, or any of his subordinates, from further prosecution of the three plaintiffs [8].

The question before us is whether the single-judge district court abused its discretion in enjoining state prosecution of the three plaintiffs for violation of a valid Illinois criminal statute on the ground that there was no probable cause for the arrest or prosecution. The district court thereby virtually decided the innocence of the three plaintiffs, Cameron v. Johnson, 390 U.S. 611, 621, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968), even though there is no finding that there was no expectation of convictions or that the sole motive of prosecution was to discourage exercise of civil rights. The decision in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), is of no aid to the arguments of the three named plaintiffs in support of the injunction; rather we think some views expressed in *Dombrowski* support our decision here setting aside the injunction. See *id.*, at 484–485, 85 S.Ct. 1116.

The Supreme Court in Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), invoking Sec. 1 of the Civil Rights Act of 1871, affirmed a court of appeals judgment which reversed an injunctional order restraining prosecution of state cases under an ordinance the district court had held invalid. That decision states the familiar rule against restraining criminal proceedings in state courts. The district court's jurisdiction was clear, said the Supreme Court, but the injunctive relief sought could be granted only on plaintiff's establishing a cause in equity. The congressional policy, as stated in *City of Jeannette*, has been to leave to state courts the trial of state criminal cases "subject to review by this Court of any federal questions involved * * * save in those exceptional cases * * * to prevent irreparable injury which is clear and imminent, and * * * [the exercise of discretionary powers] should be withheld if sought on slight or inconsequential grounds." *Id.*, at 163, 63 S. Ct. at 881. The Court in *City of Jeannette* further noted that the constitutional question, itself, can be decided in the criminal case as readily as in equity; and that federal court determination of

---

6. This section provides:
   A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

7. Now Justice, Appellate Court of Illinois, First District.

8. The court declined to enjoin any other defendant.

criminal liability is to be supported only when irreparable injury "both great and immediate" is shown.

Here, as the Supreme Court observed of the record in *City of Jeannette*, it is not shown that the three plaintiffs are threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith; or that the plaintiffs' constitutional rights could not be protected in the state trial. We are asked by plaintiffs to equate the finding of the district court here—that there was no probable cause—with a finding of bad faith prosecution. No basis exists in the record for the equation. Plaintiffs' motion was for a "probable cause hearing." The court found that no testimony of defendants was introduced "in opposition to a finding of lack of probable cause" and that plaintiffs' evidence sufficiently supported such a finding. Want of probable cause, however, can result in an erroneous arrest as well as an arrest in "bad faith." Dombrowski v. Pfister, 380 U.S. 479, 485, 85 S.Ct. 1116 (1965); Cameron v. Johnson, 390 U.S. 611, 621, 88 S.Ct. 1335 (1968).

The district court decided an element of the state offense charged against the three plaintiffs. The restraint imposed is not upon unlawful future harassing arrests, but upon a pending prosecution. There is no showing or finding that these prosecutions are so great and extensive as to result in a chilling effect on First Amendment rights. In short, no good reason has been presented why Illinois court processes will not secure the civil rights of these plaintiffs; nor has it been shown that any federal question arising in the trial will not be adequately disposed of in Illinois courts or, ultimately, on review in the United States Supreme Court.

We hold the district court's injunction order was an abuse of discretion. The views expressed in Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L. Ed.2d 444 (1967), on the abstention doctrine do not militate against this holding.

The district court's action is contrary to the anti-injunction statute, 28 U.S.C.A. Sec. 2283, enacted in 1948, which prohibits federal courts from restraining state proceedings except as authorized by Congress or where necessary in aid of it jurisdiction or to protect or effectuate its judgments. It does not bar an injunction restraining institution of state court proceedings but only bars suits already instituted. See Dombrowski v. Pfister, 384 U.S. at 484 n. 2, 85 S.Ct. 1116. And this court has held that the Civil Rights Act, 42 U.S.C.A. Sec. 1981 et seq., does not suspend or modify the anti-injunction statute. Smith v. Village of Lansing, 241 F.2d 856, 859 (7 Cir., 1957); Goss v. State of Illinois, 312 F.2d 257, 259 (7 Cir., 1963). On two occasions, the United States Supreme Court has expressly reserved its ruling on this question. See Dombrowski v. Pfister, 384 U.S. at 484 n. 2, 85 S.Ct. 1116, and Cameron v. Johnson, 390 U.S. at 614 n. 3, 88 S.Ct. 1335.

There is no congressional authority asserted here, nor jurisdiction of the federal court which needed aid because of the state court proceedings, nor any judgment which needed protection against, or could not be given effect because of the state court proceedings. There cannot reasonably be a fear that these three state prosecutions will cause irreparable harm by an extensive chilling of free exercise of First Amendment rights sufficient to justify federal intervention.

The district court judgment is reversed.