**Thomas J. HEATH, Sr., et al.**

v.

**CITY OF NEW ORLEANS et al.**

**Civ. A. No. 70–35.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Jan. 16, 1970.

**546**

Gibson Tucker, Jr. and Russell J. Schonekas, of Tucker & Schonekas, New Orleans, La., for plaintiffs.

Alvin J. Liska, Ernest L. Salatich, John P. Nelson, Robert F. Collins, New Orleans, La., for defendants and intervenors.

## MEMORANDUM OPINION

CHRISTENBERRY, District Judge.

Plaintiffs, who are owners and operators of businesses in the City of New Orleans engaged in the sale of alcoholic beverages in retail outlets for consumption on the premises, brought this suit in their behalf and in behalf of others similarly situated, attacking the constitutionality of Ordinance No. 4211 of the Mayor Council Series of the City of New Orleans. Plaintiffs ask for judgment, declaring the Ordinance to be unconstitutional and for an injunction enjoining its enforcement. They requested that a three-judge court be convened to hear the matter.

The Ordinance under attack being one of restricted local application, it is clear that this is not a case for a court of three judges. Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967). Plaintiffs in a post-hearing memorandum concede this.

The defendants deny that this court has jurisdiction, contending that the plaintiffs had raised all constitutional questions in the state court proceedings, and thereby elected the state court as the forum for adjudication of their federal rights. Defendants are in error. The plaintiffs in their state suit did amend their complaint to include a claim based on the Fourteenth Amendment. However, this court was informed by counsel, that by the time this was done, the State District Judge had decided the case and had prepared his written reasons. It therefore seems clear that this question was not considered by the State District Judge. There were no oral arguments in either the Fourth Circuit Court of Appeal or the Louisiana Supreme Court, and it seems without doubt that plaintiffs' Fourteenth Amendment claims were not fully considered or adjudicated by these courts. Compare England v. Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). In these circumstances, application to the United States Supreme Court for writs was not the sole remedy remaining to plaintiffs. They have a right to file this suit and this court has jurisdiction.

Plaintiffs maintain that they are entitled to an injunction restraining the enforcement of Ordinance No. 4211. The equitable injunctive power of the federal court will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. Douglas v. City of Jeannette, 319 U.S.

157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Plaintiffs have failed to show such injury will result. In Douglas v. City of Jeannette, supra, the Court states:

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction." 319 U.S. at 163, 63 S.Ct. at 881.

■ Plaintiffs claim that the enforcement of the Ordinance will cause disturbances in their businesses and cause them loss of profits. This appears to be mere speculation. None of the owners or operators who testified at the hearing reported any instances of disturbance during the two days that the Ordinance was in force prior to the hearing, nor did they testify to any other facts that would lead this court to believe that irreparable injury would result.

■ Plaintiffs contend that Ordinance No. 4211 violates the Equal Protection Clause of the Fourteenth Amendment in that it creates an arbitrary classification, for the reason that while condemning discrimination in places of public accommodation, it excludes from coverage barbershops, beauty parlors and places which offer professional services of a private, personal and confidential nature. A "place of public accomodation" (sic) is defined as:

"Any place or means of transportation which is open to, accepts, or solicits the patronage of the general public, or offers goods or services to the general public, but does not include barbershops, beauty shops, or any other place which provides professional services of a distinctly private, personal, and confidential nature or any place which is a bona fide private club

where the accomodations, (sic) facilities and services are restricted to the members of such club and their guests."

Ordinance No. 4211, Article III, Section 42–96(b).

In considering plaintiffs' objections to this Ordinance, it is necessary to bear in mind that a legislative body—here the Council—is presumed to have acted constitutionally. McDonald v. Board of Election, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969). The legislature must determine what evils exist and what means should be adopted to prevent them. It may consider degrees of harm and may limit its regulations to those classes which it feels are most in need of legislative regulation. The legislature may proceed "one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." Williamson v. Lee Optical of Oklahoma, 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955). A legislative classification will not be set aside by the courts unless the distinction bears no relationship to a legitimate goal, and is purely arbitrary. Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957). If any state of facts can reasonably be conceived to justify the classification the distinction cannot be considered arbitrary. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911).

The purpose of Ordinance No. 4211 as stated in the preamble is "to protect and maintain the health, safety, peace and good government and general welfare of the city and its residents." The Ordinance has a legitimate end and is a valid exercise of the police power which was conferred upon the Council by the Constitution of Louisiana and the Charter of the City of New Orleans. See La. Const. Art. 14, § 22(3) (1921); No. 159 La.Acts (1912 as amended 1950). See also Marshall v. Kansas City, Mo., 355 S.W.2d 877, 93 A.L.R.2d 1012.

The Council in adopting the Ordinance intended to make a distinction between

places which offer goods for sale or which provide services that do not involve close personal and confidential contact on the one hand, and places which offer services that do involve close personal and confidential contact on the other. In making this distinction the Council determined that the City's interest would best be served by limiting the effect of the Ordinance to those types of businesses which in its view were most in need of regulation. Local governmental agencies are in a position to know what regulations are needed in the interest and welfare of the residents of their city. Mayhue v. City of Plantation, Florida, 375 F.2d 447 (5th Cir. 1967). The classification here complained of cannot be said to be purely arbitrary and hence discriminatory, but on the contrary, is a lawful exercise of the Council's power to legislate.

Plaintiffs further argue that the Ordinance in effect sanctions and fosters racial discrimination in those places which are excluded from coverage, and thereby involves the condoning by a state subdivision of racial discrimination in violation of the Fourteenth Amendment. In support of this contention, plaintiffs rely primarily on Reitman v. Mulkey, 64 Cal. 2d 529, 413 P.2d 825 (1966), affirmed 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967).

*Reitman* involved Art. I, § 26 of the California Constitution which authorized discrimination by property owners. That section provided in part:

"Neither the State nor any subdivision or agency thereof shall deny, limit or abridge, directly or indirectly, the right of any person, who is willing or desires to sell, lease or rent any part or all of his real property, to decline to sell, lease or rent such property to such person or persons as he, in his absolute discretion, chooses."

The Supreme Court of California found that the purpose of § 26 was to overturn prior state laws which prohibited discrimination, and to establish a constitutional right to privately discriminate. It held that this section was invalid under the Fourteenth Amendment because it unconstitutionally involved the state in racial discrimination.

In affirming this decision, the Supreme Court of the United States said:

"Private discriminations in housing were now not only free from Rumford and Unruh [state laws prohibiting racial discrimination] but they also enjoyed a far different status than was true before the passage of those statutes. The right to discriminate, including the right to discriminate on racial grounds, was now embodied in the State's basic charter, immune from legislative, executive, or judicial regulation at any level of the state government. Those practicing racial discriminations need no longer rely solely on their personal choice. They could now invoke express constitutional authority, free from censure or interference of any kind from official sources." 387 U.S. at 377, 87 S.Ct. at 1632.

*Reitman* is clearly distinguishable from the case at bar. Ordinance No. 4211 does not announce a state or city policy in favor of racial discrimination, nor does it give persons statutory authority for discriminating privately. In their dealings with the public those businesses which are exempt from coverage are completely unaffected by the Ordinance. They are free to choose their clientele but are in no way encouraged to segregate. Thus the Ordinance does not involve the City Council in discriminatory action which denies citizens the equal protection of the laws.

The court finds that the Ordinance is constitutional and that plaintiffs are not entitled to injunctive relief.