In the Matter of the **Racine County Court**
**Order against Judge John W.**
**REYNOLDS.**

No. 73–C–64.

United States District Court,
E. D. Wisconsin.

Feb. 6, 1973.

Dennis J. Flynn, Corp. Counsel, Racine, Wis., for County Judge Richard G. Harvey.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for U. S. District Judge John W. Reynolds.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The instant motion seeks an order remanding this case to the state court. The controversy of which the present motion is but a small part is carefully detailed in Judge John W. Reynolds' memorandum decision and order dated February 16, 1973, in case number 73–C–40. A copy of that decision is appended hereto.

The relevant facts before this court can be summarized briefly. County Judge Richard G. Harvey, Jr. has ordered attorney Robert E. Sutton to show cause why he should not be held in contempt. Attorney Sutton has filed a civil rights action in federal court seeking to bar Judge Harvey from punishing him. Judge Reynolds, to whom that civil rights action has been assigned, granted interlocutory injunctive relief to attorney Sutton.

Judge Harvey has ordered Judge Reynolds to show cause why the latter should not be directed by the former to refrain from interfering with the contempt hearing. The order to show cause has been removed to federal court and assigned to this branch. Thus, the issue before this court (i. e. the motion to remand) relates only to the order to show cause issued by Judge Harvey against Judge Reynolds.

Judge Harvey urges three bases for remanding this matter to the state court. First, he contends that "the divorce action out of which the temporary restraining order arose is not within the [federal court's] original jurisdiction. . . ." Second, he claims that attorney Sutton's motion for a temporary restraining order is merely an attempt to circumvent the prohibition against appeal

from a remand order. Finally, Judge Harvey suggests that federal removal provisions are unconstitutional because they do not require a hearing prior to actual removal.

It is apparent, from the first and second bases above and from a consideration of his briefs on this motion, that Judge Harvey misconstrues the true nature of the instant case. He suggests in his reply brief that "the contempt portion of the [state] case was removed by Judge Reynolds" in response to a "request" by attorney Sutton for an injunction against the contempt proceeding. The state court judge seeks to have this court remand the contempt issue to the state court.

■ The injunctive relief afforded by Judge Reynolds did not flow from a removal of the contempt portion of the state case before Judge Harvey. It was entered in a civil rights action brought in the federal court under 42 U.S.C. § 1983. Thus, challenges to federal court jurisdiction must be brought in that action (73–C–40) pursuant to Rule 12, Federal Rules of Civil Procedure, not in this case by motion to remand. Abstention arguments must also be made in case number 73–C–40.

■ As previously noted, the only matter before this court is the proceeding on Judge Harvey's order to show cause against Judge Reynolds. That proceeding was removed under the provisions of 28 U.S.C. § 1442(a)(3). Section 1442(a)(3) expressly authorizes removal by an officer of a United States court if the state case is based on acts performed by the officer under color of office or in the performance of his duties. Certainly, Judge Reynolds' actions with respect to a federal civil rights case assigned to his branch were taken under color of office and were in the performance of his duties. Indeed, Judge Harvey does not contend otherwise.

■ The only remaining argument in support of the motion to remand, then, is the claim that the removal statutes are unconstitutional. That propo-

sition has been rejected. Tennessee v. Davis, 100 U.S. 651 (1880). It is beyond question that the need for protection of federal supremacy justifies the removal statutes. Willingham v. Morgan, 395 U.S. 402, 406–407, 89 S.Ct. 1813, 23 L.Ed. 2d 396 (1969).

### APPENDIX

United States District Court
Eastern District of Wisconsin

-------------------------------------

Robert E. Sutton,

Plaintiff,

v.

County Court of Racine County, Wisconsin, Branch IV, Richard G. Harvey, Judge,

Defendant.

Civil Action
No. 73–C–40

### MEMORANDUM DECISION AND ORDER

This matter is before the court on plaintiff's motion for a temporary restraining order which would restrain the defendant from punishing him for bringing an action in this court. This action is part of a series of cases, and in order to appreciate the facts of this case it is necessary to understand its history.

In September 1970, a divorce proceeding entitled Wagner v. Wagner was initiated in the County Court of Racine County, Wisconsin. The Honorable John Ahlgrimm originally presided over the case, but on January 24, 1972, he disqualified himself and the Honorable Richard G. Harvey has handled the matter since then. On December 22, 1972, Judge Harvey rendered his decision in Wagner v. Wagner.

During the pendency of the divorce, the defendant in that action, Willard D. Wagner, was denied the right to visit his daughter. On October 10, 1972, Mr. Wagner, through his attorney, Robert E. Sutton, initiated a suit in the United States District Court for the Eastern District of Wisconsin. That action, Wil-

lard Wagner v. County Court of Racine County, Branch IV, Richard G. Harvey, Judge, and Joyce Ann Wagner, Case No. 72–C–556, alleges that the absolute denial of visitation rights violated the plaintiff's federal constitutional rights. I have dismissed this action today because it is now moot in view of Judge Harvey's decision of December 22, 1972.

On November 9, 1972, Judge Harvey ordered Attorney Robert E. Sutton to show cause why he should not be held in contempt for filing the federal action. In his affidavit annexed to the "Order to Show Cause," Judge Harvey states his belief that the federal suit was brought as "a palpable attempt to harass and coerce the Court [Judge Harvey] in order to gain a favorable decision for the client of Attorney Robert E. Sutton." Attorney Sutton removed that contempt proceeding, and only that contempt proceeding, to the Federal District Court. That action was entitled Joyce Ann Wagner v. Willard Dale Wagner, Case No. 72–C–626, and was assigned to the Honorable Robert E. Tehan, Senior District Judge. On January 26, 1973, Judge Tehan remanded the contempt proceedings to the Racine County Court.

While Case No. 72–C–626 was pending before Judge Tehan, Judge Harvey ordered him (Judge Tehan) to show cause why he "should not cease and desist from all further Federal Court proceedings" in this matter. The action ordering Judge Tehan to cease and desist was removed to the Federal District Court and is pending in this branch under the title Joyce Ann Wagner v. Willard Dale Wagner, Case No. 72–C–712. Today I have also dismissed that case because it is moot in view of Judge Tehan's decision.

The action which is before me now was initiated by Attorney Robert E. Sutton against the County Court of Racine County and Judge Harvey pursuant to § 1983 of Chapter 42 of the United States Code and seeks an injunction preventing Judge Harvey from holding him in contempt for initiating the prior federal action, Case No. 72–C–556.* A hearing was held before me on January 31, 1973, on plaintiff's motion for a temporary restraining order, and I am granting that motion.

It is not clear whether the plaintiff, Attorney Robert E. Sutton, has been held in contempt or is threatened with contempt, but in any event he has been ordered to "show cause why he should not be punished" for initiating a suit in federal court.

The issue that must be decided is whether or not a citizen has a right to attempt to redress an alleged deprivation of his constitutional right in the federal courts. I believe that the right to attempt to protect one's constitutional rights, as one sees them, in the federal courts is as fundamental as any expressed in the Bill of Rights, and the lawyers who attempt to assert these rights should not be forced to do so at their peril.

Courts, both state and federal, are the primary instruments available to individuals for remedying alleged violations of their constitutional rights, and I do not see how in a dual system of courts such as we have one court can prevent a lawyer from asking for relief for his client in another court. It is unthinkable that a lawyer could be subject to contempt proceedings solely on the basis of his going to a federal court to seek relief for his client. The use of the judicial process to enforce constitutional rights is a means of expression protected by the First Amendment. Each constitutional guarantee impliedly embodies the right to seek redress for a violation of that guarantee. Any attempt

* On January 29, 1973, Judge Harvey ordered me to show cause why I should not be "ordered and directed to desist from any further interference in the State Court action of Wagner vs. Wagner inso- far as it involves a contempt hearing concerning Attorney Robert Sutton." That order to show cause has been removed to this court.

by the state to restrict that right is subject to challenge under the due process clause of the Fourteenth Amendment.

No case has been cited to me, and I have found none, where a state court has attempted to hold a lawyer in contempt for going to a federal court. However, the United States Supreme Court has found the First Amendment to be applicable in an analogous situation. In N.A.A.C.P. v. Button, 371 U.S. 415, 83 S. Ct. 328, 9 L.Ed.2d 405 (1963), the Court held a Virginia law proscribing the solicitation of legal business unconstitutional as applied to the N.A.A.C.P. for their promotion of civil rights' litigation. Mr. Justice Brennan stated for the Court that "the First Amendment * * * protects vigorous advocacy, certainly of lawful ends, against governmental intrusion." 371 U.S. at 429, 83 S.Ct. at 336. While that case dealt primarily with the First Amendment right to promote litigation in furtherance of a legal cause, the ·Court recognized a constitutional right to litigate, stating: "And whatever may be or may have been true of suits against government in other countries, the exercise in our own, as in this case, of *First Amendment rights to enforce constitutional rights through litigation,* as a matter of law, cannot be deemed malicious." (Emphasis added.) 371 U.S. at 439–440, 83 S.Ct. at 341.

The Supreme Court has recognized the right to enforce a constitutional guarantee as implicit in that guarantee. In Ex Parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034, for example, a prison regulation was nullified because it had the effect of limiting prisoner's rights to apply to federal courts for writs of habeas corpus. In Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718, the Court held that a prison cannot bar prisoners from aiding fellow inmates in the preparation of petitions for writs without providing some alternative assistance. The import of these cases is clear. The fact that the writ of habeas corpus enjoys constitutional stature pro-

hibits the states from interfering with an individual's right to apply for the writ. Each constitutional guarantee implies the right to enforce that guarantee free from unnecessary state interference.

The fact that the right to enforce provisions of the Constitution through litigation is protected by the First and Fourteenth Amendments does not resolve the matter because almost no right is absolute. The state has an obvious interest in maintaining the integrity of its judicial system. The contempt powers of judges provide one means of preserving that integrity. The issue is whether the state's interest in this particular case is sufficient to overcome the plaintiff's constitutional rights to assert a federal constitutional right in a federal court.

The standard to be used when balancing the right of a court to use its contempt powers against the right of an individual to engage in activities protected by the First Amendment has been established. In Bridges v. California, 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192, the Supreme Court adopted the "clear and present danger" rule. Quoting Schenck v. United States, 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470 (1919), the *Bridges'* court found that, for a court to hold an individual in contempt for engaging in a protected form of expression, "there must be a determination of whether or not 'the words used are used in such circumstances and are of such a nature as to create a clear and present danger that they will bring about the substantive evils.'" 314 U.S. at 261, 62 S.Ct. at 193, quoting *Schenck* at 52, 39 S.Ct. 247. The Court went on to state that "the substantive evil must be extremely serious and the degree of imminence extremely high before utterances can be punished." 314 U.S. at 263, 62 S.Ct. at 194. The "substantive evil" in *Bridges* was "the 'disorderly and unfair administration of justice.'" Pennekamp v. Florida, 328 U.S. 331, 335, 66 S.Ct. 1029, 1031, 90 L.Ed. 1295 (1946).

The Racine County Court has not found that Sutton's initiation of the federal suit created an imminent threat to the orderly and fair administration of justice in that court. I further find from the facts that have been presented to me that the initiation of the federal suit did not cause an imminent threat to the orderly and fair administration of justice. I, therefore, find that the plaintiff is likely to ultimately succeed in this action and that he may suffer irreparable harm if a temporary restraining order is not granted.

Federal courts are not the overseers of state court contempt proceedings. Those proceedings are generally solely within the province of the initiating court and the state's judicial reviewing bodies. What we have here, however, is an extremely unique situation. The contempt, as threatened in this case, punishes the plaintiff for exercising a constitutional right. It also threatens to disrupt the orderly proceedings of this federal court. Under these very unusual circumstances, it is appropriate for this court to prohibit this particular contempt proceeding.

For the foregoing reasons,

It is ordered that the Honorable Richard G. Harvey, County Judge of Racine County, is hereby restrained and enjoined from any further action in the contempt proceedings commenced against Attorney Robert E. Sutton for initiating the federal lawsuit entitled Willard Wagner v. County Court of Racine County, Branch IV, Richard G. Harvey, Judge, and Joyce Ann Wagner, Case No. 72–C–556.

It is further ordered that I will issue a preliminary injunction in this matter in ten days unless the defendant shows the Court why such injunction should not issue.

Dated at Milwaukee, Wisconsin, this 6th day of February, 1973.

s/ John W. Reynolds.
U. S. District Judge