Jane DOE, Individually, and on behalf of all others similarly situated, Plaintiff,

v.

Edwin F. MUNDY, Individually and as Director of Institutions and Departments of Milwaukee County, et al., Defendants.

Civ. A. No. 74-C-224.

United States District Court, E. D. Wisconsin.

July 24, 1974.

Application for Stay Denied Oct. 15, 1974. See 95 S.Ct. 28.

Georgia Felger, Milwaukee, Wis., for plaintiff.

Robert P. Russell, Corp. Counsel by John R. Devitt, Asst. Corp. Counsel, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for equitable relief in which plaintiff claims that the policy of Milwaukee County General Hospital to refuse to permit elective abortions and to refuse to permit medical personnel to perform elective abortions in the hospital is violative of the United States Constitution. Defendants include Edwin F. Mundy, Director of Institutions and Departments of Milwaukee County; Marvin F. Neely, Jr., Administrator of Milwaukee County General Hospital; David McGinnes, Associate Administrator for Patient Services of Milwaukee County Hospital; William F. O'Donnell, Chairman of the Milwaukee County Board of Public Welfare; Dr. Richard Mattingley, Head of the Gynecology and Obstetrics Department of Milwaukee County General Hospital; and several named members of the Milwaukee County Board of Public Welfare.

The facts are not in controversy and are herewith set forth. Plaintiff Jane Doe, the representative of the class, filed her complaint during her first trimester of pregnancy. Since then, she has received a therapeutic abortion. Another member of the class, Virginia Thoms, has come forward with affidavits detailing that she is presently ten weeks' pregnant and desires a therapeutic abortion. Plaintiff Thoms is twenty-two years of age and is a resident of Milwaukee, Wisconsin. Plaintiff Thoms is not married, is unemployed, and has no funds with which to procure an elective abortion.

In her affidavit to the court, Thoms states that on June 26, 1974, she was tested for pregnancy by Dr. Thomas Fetherston and was notified that the results of the pregnancy test were positive. She further states that her last menstrual period commenced on April 25, 1974, and that she has not had a menstrual period since. It is therefore uncontroverted that she is within her first trimester of pregnancy.

On July 3, 1974, Thoms applied for medical assistance but was denied such assistance. On July 11, 1974, she went to the Gynecology and Obstetrics Department of the Milwaukee County General Hospital. At that time she was informed that Milwaukee County General

Hospital did not perform or permit elective abortions.[1]

In an affidavit submitted to the court, Thoms' doctor, Dr. Thomas Fetherston, stated that "* * * it is medically imperative that she [plaintiff Thoms] have a therapeutic abortion performed before her first trimester which will be in approximately two weeks or July 26, 1974."

The Milwaukee County General Hospital is a public institution which exists under authority of the State of Wisconsin. See Chapter 49, Wis.Stats.[2] It was constructed and is supported by public funds and is administered by county employees. The hospital routinely provides a wide spectrum of health services which could be available to plaintiff if her needs so required. There is no doubt here that the acts of the defendants in formulating and implementing their own rules relating to the performance of abortions amount to action "under color of" state law for purposes of jurisdiction under § 1983. Thus, the pitfalls expressed in Doe v. Bellin Memorial Hospital, 479 F.2d 756 (7th Cir. 1973), are avoided.

Additionally, before the court is an affidavit from Dr. William A. Kretzschmar. In his affidavit, Dr. Kretzschmar states that he is a physician licensed to practice in the State of Wisconsin; that he is presently an associate member of the clinical staff at Milwaukee County General Hospital; and that although he does not presently perform abortions, he has performed them in the past and has no conscientious objection to the performance of elective abortions in the future.

Jurisdiction is present here under 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Babbitz v. McCann, 310 F.Supp. 293 (E.D.Wis.1970). This matter is presently pending on plaintiff's motion for a preliminary injunction. That motion is granted.

It is clear that this court, sitting as a single judge, may rule on the constitutionality of the regulation in question here. It is not necessary to request the convening of a three-judge court. Garren v. City of Winston-Salem, North Carolina, 463 F.2d 54 (4th Cir. 1972), cert. denied 409 U.S. 1039, 93 S.Ct. 519, 34 L.Ed.2d 488 (1972); Weintraub v. Hanrahan, 435 F.2d 461 (7th Cir. 1970); Heath v. City of New Orleans, 320 F.Supp. 545 (E.D.La.1970), aff'd 435 F.2d 1307 (5th Cir. 1970); Nyberg v. City of Virginia, 361 F.Supp. 932 (D. Minn.1973).[3]

---

1. Rule 26(b), Rules and Regulations of the Medical Staff, Milwaukee County General Hospital, states as follows:

"1) Indications—Pregnancy may be terminated therapeutically if it is complicated by medical conditions of such nature and *advanced to such degree* that continuation of pregnancy threatens the life of the mother.

"2) Control—Final decision is to be made by the Director of Obstetrics or his designated representative. Written recommendation is to be made by two consultants from the active staff, at least one of whom is skilled in the involved specialty of the complication.

"3) Consent—Signature of patient and husband are to be obtained and witnessed by a physician before operation.

"Signature of patient is sufficient if she is an unmarried woman of legal age.

"Signature of parent or guardian must be obtained if patient is an unmarried minor."

2. Section 49.16(2), Wis.Stats., provides that counties with populations in excess of 250,000 may establish a county hospital for the treatment of dependent persons, and that such institutions shall be governed by § 46.21, Wis.Stats. Section 46.21 provides for the creation of a county board of public welfare in populous counties.

3. Defendants raise § 140.275, Wis.Stats., which became effective on January 26, 1974, as a defense in this action and ask for the convening of a three-judge court. Section 140.275 provides in pertinent part:

"No hospital shall be required to admit any patient or to allow the use of the hospital facilities for the purpose of performing a sterilization procedure or removing a human embryo or fetus. A physician or any other person who is a member of or associated with the staff of a hospital, or any employe of a hospital in which such a procedure has been authorized, who shall state in writing his objection to the performance of or providing assistance to such a procedure on moral or religious grounds shall not be required to participate in such medical proce-

■ Although the pregnancy of plaintiff Jane Doe has been terminated, she still has standing to sue as representative of her class. Viewing Doe's case as of the time of the filing, there is little question that her complaint presents a case on controversy. Roe v. Wade, 410 U.S. 113, 124, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

■ This controversy has likewise not been mooted by Doe's termination of her pregnancy. The fact that the first trimester of pregnancy is extremely short, added to the fact that a woman is not capable of determining pregnancy until at least the end of the first month, places abortion cases outside the realm of normal litigation. As was emphasized in Roe v. Wade, supra, the law should not be so rigid as to render it incapable of determining the relevant issues. Mr. Justice Blackmun stated at 125, 93 S.Ct. at 713:

" * * * Pregnancy often comes more than once to the same woman, and in the general population, if man is to survive, it will always be with us. Pregnancy provides a classic justification for a conclusion of nonmootness. It truly could be 'capable of repetition, yet evading review.' * * * " [4]

Doe brought this action on her own behalf and, pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, on behalf of all women similarly situated. Members of the class represented by plaintiff Doe are all women residents of Milwaukee County who are less than three months' pregnant, who presently desire or will desire in the future to have abortions performed at Milwaukee County General Hospital, who have received doctor's advice to have an abortion performed, and who are presently unable to receive abortions at Milwaukee County General Hospital because of the expressed policies of that hospital concerning "elective" abortions.

■ The requirements of Rule 23 are met here, and this is an appropriate class action because the class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the

dure, and the refusal of any such person to participate therein shall not form the basis of any claim for damages on account of such refusal or for any disciplinary or recriminatory action against such person.

    *      *      *      *      *

"(4) The receipt of any grant, contract, loan or loan guarantee under any state or federal law does not authorize any court or any public official or other public authority to require:

"(a) Such individual to perform or assist in the performance of any sterilization procedure or removal of a human embryo or fetus if his performance or assistance in the performance of such a procedure would be contrary to his religious beliefs or moral convictions; or

"(b) Such entity to:

"1. Make its facilities available for the performance of any sterilization procedure or removal of a human embryo or fetus if the performance of such a procedure in such facilities is prohibited by the entity on the basis of religious beliefs or moral convictions; or

"2. Provide any personnel for the performance or assistance in the performance of any sterilization procedure or assistance if the performance or assistance in the performance of such procedure or the removal of a human embryo or fetus by such personnel would be contrary to the religious beliefs or moral convictions of such personnel."

The convening of a three-judge court is not required here. The plaintiff does not challenge the constitutionality of § 140.275 in her complaint. Assuming, without deciding, that the defendants may raise the constitutionality of § 140.275, I find that it is simply a declaration of policy concerning the providing of "elective" abortions by hospitals in Wisconsin. It is permissive; that is, it does not provide a mandatory state-wide regulatory scheme.

Rule 26(b) of the Rules and Regulations of the medical staff of Milwaukee County General Hospital was approved on July 3, 1968. The constitutionality of Rule 26(b), which is purely a local rule, is the only issue here.

4. As was shown in the instant matter, the class represented by Jane Doe had no problem substituting one pregnant woman for another.

claims of the representative are typical of the class; the representative will fairly protect the interests of the class; and the parties opposing the class have refused to act on grounds generally applicable to the class, thereby making appropriate the relief sought with respect to the class as a whole.[5]

■■ The decision of a woman to have an abortion in the first trimester of pregnancy is protected by the Fourteenth Amendment from deprivation or infringement by a state. During this period of time, the state can have no compelling reason which might override the woman's Ninth and Fourteenth Amendment rights to privacy and liberty. Thus, there can be no justification of state regulation of the woman's right to an abortion, other than that it be subsequent to the advice and consent of the pregnant woman's attending physician. Roe v. Wade, 410 U.S. 113, 164, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Doe v. Bolton, 410 U.S. 179, 197, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973). Here, the record reveals that Thoms was advised to get an abortion by a private physician.

The decision of the United States Supreme Court in Roe v. Wade, supra, 410 U.S. at 164–165, 93 S.Ct. 705, 733, has established the right of women to have abortions under certain conditions. In Roe, the court set down the following framework:

"(a) For the stage prior to approximately the end of the first trimester, the abortion decision and its effectuation must be left to the medical judgment of the pregnant woman's attending physician.

"(b) For the stage subsequent to approximately the end of the first trimester, the State, in promoting its interest in the health of the mother, may, if it chooses, regulate the abortion procedure in ways that are reasonably related to maternal health.

"(c) For the stage subsequent to viability the State, in promoting its interest in the potentiality of human life may, if it chooses, regulate, and even proscribe, abortion except where it is necessary, in appropriate medical judgment, for the preservation of the life or health of the mother."

■ The decision in Roe leaves no room for the slightest deviation by Milwaukee County General Hospital. Recognition that an abortion during the early stages of pregnancy (i. e., the first trimester) may actually be safer for the mother than for her to undergo childbirth, Roe v. Wade, supra; Doe v. Bolton, supra; Hathaway v. Worcester City Hospital, 475 F.2d 701 (1st Cir. 1973); Nyberg v. City of Virginia, 361 F.Supp. 932 (D.C.Minn.1973), dictates the result. Thus, there is no issue here as to plaintiff's likelihood of succeeding on the merits.

I find that the plaintiff and the members of her class have suffered or will suffer irreparable harm if they are not afforded their fundamental right to have abortions performed at Milwaukee County General Hospital. As each day goes by, the risk of harm to these plaintiffs increases. Thoms' doctor has attested that it is medically imperative that his patient receive a therapeutic abortion before the end of the first trimester of her pregnancy. Having found that plaintiff and members of her class have a constitutional right to receive abortions and that the risk of serious harm to them increases day by day, I look to the quality of the potential harm to them rather than to its magnitude. Doe and Sandmire v. Bellin Memorial Hospital, 479 F.2d 756 (7th Cir. 1973). The quality of potential harm to the plaintiff and to the members of her class is substantial. Thoms is a young, unmarried female who is presently in a severe financial state. Her interests in

---

5. In order to maintain a class action, plaintiff must show that she has satisfied the requirements of Rule 23. Bel Air Markets v. Foremost Dairies, Inc., 55 F.R.D. 538 (N. D.Cal.1972); City of Philadelphia v. Emhart Corporation, 50 F.R.D. 232 (E.D.Pa.1970). Plaintiff has done so here.

not being subjected to the trauma of having a child out of wedlock, without funds to support that child, are sufficiently sensitive under the law to enable her to be able to procure an abortion so that she will not suffer injuries of an "irreparable" nature. While there are other members of the class who are not indigent and are married, their interests are also sufficiently sensitive under the law for me to find that they also have a right to receive abortions at Milwaukee County General Hospital so that they also will not suffer "irreparable harm."

The law is well settled that a court must grant plaintiff's motion for a preliminary injunction enjoining the defendants from enforcing the present policy as expressed in Rule 26(b), Rules and Regulations of the Medical Staff, Milwaukee County General Hospital.

As was stated in Perry v. Perry, 88 U.S.App.D.C. 337, 190 F.2d 601, 602 (1951), concerning the discretion of a court to issue a preliminary injunction:

"When a motion for preliminary injunction is presented to a court in advance of hearing on the merits, it is called upon to exercise its discretion 'upon the basis of a series of estimates: the relative importance of the rights asserted and the acts sought to be enjoined, the irreparable nature of the injury allegedly flowing from denial of preliminary relief, the probability of the ultimate success or failure of the suit, the balancing of damage and convenience generally. A mere listing of the guiding considerations demonstrates their intangible nature, especially when no attempt is made at this stage to decide finally the questions raised.' Concurring opinion in Communist Party v. McGrath, D.C., 96 F.Supp. 47, 48."

The combination of the extreme importance of the rights involved, the irreparable harm to be suffered if these rights are not immediately protected, and the probable likelihood of plaintiff Thoms' success on the merits requires this court to issue a preliminary injunction.

Concerning the balance of damage and convenience generally, I recognize that reasonable conditions on the issuance of the preliminary injunction may be imposed in order to diminish its effect on the defendants. Russell v. Farley, 105 U.S. 433, 438, 26 L.Ed. 1060 (1881); 7 Moore, Federal Practice ¶ 65.04[3] at 65–55 (2d ed. 1974). Consequently, all the medical personnel at the hospital are not required to participate in the performance of elective abortions. Many individuals have religious and moral convictions against participation in the abortion process, and their rights must also be respected. I note, however, the affidavit of Dr. William A. Kretzschmar. As long as there are personnel at Milwaukee County General Hospital like Dr. Kretschmar who have no conscientious objection to the performance of abortions, and the hospital does nothing to deter these individuals from coming forward, the hospital is required, for the purposes of this preliminary injunction, to provide its facilities to those staff personnel who have no conscientious objection to the performance of abortions for those women patients who have a right to them and who request them.

It is therefore ordered that the plaintiff's motion for a preliminary injunction be and it hereby is granted.

It is further ordered that the defendants be enjoined from enforcing Rule 26(b), Rules and Regulations of the Medical Staff, Milwaukee County General Hospital, against those women who have a right to abortions and who request them.

It is further ordered that those doctors, nurses, and other personnel who work at the Milwaukee County General Hospital and who have moral and religious convictions against the performance of abortions not be forced to perform abortions. It is similarly ordered that those doctors, nurses, and other personnel who work at the Milwaukee County General Hospital, who are qualified to perform abortions, and who have

no conscientious objection toward the performance of abortions be allowed to perform elective abortions at the Milwaukee County General Hospital.

It is further ordered that the defendant administrators of the Milwaukee County General Hospital make its facilities available to those doctors, nurses, and other personnel for the performance of elective abortions.

It is further ordered that the defendants make the facilities of the Milwaukee County General Hospital available to the plaintiff's doctor for the immediate performance of an abortion on the plaintiff Victoria Thoms.