
Jane DOE, Individually, and on behalf of all others similarly situated, Plaintiff,

v.

Louis J. CECI, Circuit Court Judge, Milwaukee County, Defendant.

No. 74–C–406.

United States District Court, E. D. Wisconsin.

Oct. 2, 1974.

American Civil Liberties Union, by Walter F. Kelly, Stuart Schmitz and Joyce Borkenhagen, Milwaukee, Wis., for plaintiff.

Robert W. Warren, Atty. Gen., by Thomas J. Balistreri, William L. Gansner and James H. McDermott, Asst. Attys. Gen., Madison, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the plaintiff's motion for a preliminary injunction. I have considered the parties' briefs and affidavits, as well as the arguments which were advanced at a hearing on September 27, 1974. I conclude that the plaintiff's motion for a preliminary injunction should be granted.

On September 17, 1974, the defendant Louis J. Ceci, a Milwaukee circuit judge, issued a temporary restraining order enjoining county officials from expending public general relief funds as "payments to physicians for the performing of non-therapeutic abortions." Two months earlier, however, federal judge John W. Reynolds had granted the plaintiff's motion for a preliminary injunction in Doe v. Mundy, 378 F.Supp. 731 (E.D.Wis., No. 74–C–224, decided July 24, 1974). Such order had required certain county officials of Milwaukee and

of the Milwaukee County General Hospital to "make available" to the plaintiff and her class, which includes indigent as well as non-indigent women, physician services and facilities for the performance of elective abortions. Claiming that Judge Ceci's temporary restraining order barring payment interferes with and frustrates Judge Reynolds' earlier preliminary injunctive order in Doe v. Mundy, the plaintiff seeks declaratory and injunctive relief on behalf of herself and her class which would nullify Judge Ceci's order and effectuate that of Judge Reynolds. See 28 U.S.C. § 2283.

Prior to the commencement of this action, the plaintiff sought to add as parties defendant in Doe v. Mundy those county officials, other than the ones already named as defendants, who were affected by Judge Ceci's order. In addition, the plaintiff moved for an order clarifying and supplementing the July 24, 1974, preliminary injunctive order. Counsel for the plaintiff and her class has averred that

"[i]n the course of denying said motions, the Honorable John W. Reynolds, United States District Judge for the Eastern District of Wisconsin, indicated that any frustration of or interference with the preliminary injunctive order of July 24, 1974, in Civil Action No. 74-C-224, [Doe v. Mundy, 378 F.Supp. 731 (E.D.Wis.)] could be effectively remedied by appropriate legal proceedings commenced by the plaintiff and the class whom she represents."

At the close of a hearing on September 20, 1974, I granted the plaintiff's motion for a temporary restraining order which enjoined Judge Ceci from enforcing his September 17, 1974, temporary restraining order

"[b]ecause it is in frustration of and interferes with a preliminary injunctive order of July 24, 1974, issued . . . [in Doe v. Mundy]."

The defendant claims that my temporary restraining order should be vacated and that the plaintiff's motion for a preliminary injunction should be denied because 1) the named plaintiff lacks standing; 2) his non-payment order does not frustrate that of Judge Reynolds because the latter did not specifically provide for payment; 3) even if such a payment requirement is implicit in Judge Reynolds' order, indigents are not entitled to be provided elective abortions at public expense; and 4) principles of federal-state comity should cause this court to stay its hand.

■ With respect to the defendant's standing argument, it should be noted that the named plaintiff was not mooted out of Doe v. Mundy even though she obtained an elective abortion. This is covered at page four of the original opinion in Doe v. Mundy. See Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973). Moreover, as the representative of her class in Doe v. Mundy, the named plaintiff is protected by the preliminary injunctive order which issued in that matter on July 24, 1974. As the representative of her class in Doe v. Mundy, she has standing in this action to effectuate that judgment in their behalf.

■ The defendant next asserts that his non-payment order does not frustrate the preliminary injunctive order in Doe v. Mundy because Judge Reynolds' order did not include any obligation of payment. However, the class of persons involved in Doe v. Mundy, and again in this action, consists of indigent as well as non-indigent women. In my judgment, the requirement of payment is irresistibly implicit in Judge Reynolds' order.

With respect to the defendant's third argument—that indigents are not entitled to receive elective abortions at public expense—the plaintiff correctly asserts that for purposes of this proceeding, the issue is not the legal correctness of the remedy provided by the court in Doe v. Mundy. Rather, the issue is whether the defendant's order interferes with that remedy.

While I am convinced that Judge Ceci's order interferes with and frustrates Judge Reynolds' order, I am also fully persuaded that the payment requirement, which I believe to be implicit in Doe v. Mundy, is legally correct.

Judge Ceci grounded his non-payment order upon the theory that an elective or non-therapeutic abortion does not constitute "medical treatment" for purposes of § 49.01, Wis.Stats. (1971), which defines that "relief" which is the appropriate subject for the expenditure of public general relief funds. However, a three-judge court recently rejected similar reasoning in Doe v. Wohlgemuth, 376 F.Supp. 173 (W.D.Pa. 1974), stating that:

> "We believe . . . that the Supreme Court in Roe v. Wade . . . recognized that abortion is a necessary medical service for it may prevent specific and direct harm which is medically diagnosable (e. g. psychological harm), may protect the woman's future mental and physical health, and may prevent the distress associated with the unwanted pregnancy and child. [citations omitted] Furthermore, every pregnant woman requires medical services in connection with her pregnancy. . . . The State's classification of what is medically necessary must have some reasonable relation to the rationale behind the classification, and the nontherapeutic abortion, in the light of the Roe decision, cannot be validly classified as unnecessary.
>
> . . . . . .
>
> "We do not here decide . . . that the Commonwealth of Pennsylvania is constitutionally unable to limit its expenditures for medical services to those which are medically necessary simply because we hold that payments must be made for 'elective' abortions. Rather, we hold that the Commonwealth has already determined that

the condition of pregnancy brings about the necessity of medical services. The Commonwealth cannot then discriminate with respect to the methods of treatment for that condition, for in the first trimester of pregnancy, Roe v. Wade, *supra*, the selection of the method of treatment is the inviolable fundamental right of the physician and the patient.

. . . . . .

> "We do not hold that the State must finance a fundamental right, but we do hold that the expression of that fundamental right cannot be the basis for invidious discrimination."

376 F.Supp. at 190–192.

I conclude that the defendant's remaining argument—that it is inappropriate for this court to enjoin an exercise of state judicial power—is without merit. See Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); Mapp v. Board of Education, 341 F.Supp. 193 (E.D.Tenn.1972); Kennan v. Warren, 328 F.Supp. 525 (W.D. Wis.1971). *Cf.* Sutton v. County Court [Harvey], 353 F.Supp. 716 (E.D.Wis. 1973); Babbitz v. McCann, 320 F.Supp. 219 (E.D.Wis.1970). *Compare* Lynch v. Snepp, 472 F.2d 769, 771 (4th Cir. 1973).

Therefore, it is ordered that the plaintiff's motion for a preliminary injunction be and hereby is granted.

It is also ordered that the enforcement of the temporary restraining order issued by the Honorable Louis J. Ceci in the case of Richard Flynn, M.D. v. Edwin Mundy, on September 17, 1974, be and hereby is preliminarily enjoined because it is in frustration of and interferes with a preliminary injunctive order of July 24, 1974, issued by the United States District Court for the Eastern District of Wisconsin, in the case of Doe v. Mundy, Civil Action No. 74–C–224, 378 F.Supp. 731.